Filed 3/14/22  P. v. Mansfield CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077064 |
| v. | (Super. Ct. No. FSB17954) |
| ROBERT WAYNE MANSFIELD, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Brian McCarville, Judge.  Reversed and remanded with directions.

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Lynne G. McGinnis and Annie Featherman Fraser, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I.

## INTRODUCTION

Defendant and appellant Robert Wayne Mansfield appeals from an order denying his petition to vacate his first degree murder conviction and obtain resentencing relief pursuant to Penal Code[1] section 1170.95. He claims the trial court improperly denied his petition because it engaged in impermissible factfinding at the prima facie stage of review and denied his petition without conducting an evidentiary hearing. The People agree, as do we. We thus reverse the order and remand the matter to the trial court with directions to issue an order to show cause and hold an evidentiary hearing pursuant to section 1170.95, subdivision (d).

# II.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Between September 21, 1997, and October 3, 1997, defendant and his coparticipants—Abel Alfonso Ayala, Joshawa Allen Vines, Brandon Wayne Hill, and Tomas Lechuga—participated in a series of armed robberies of six convenience stores. At the time, defendant was 19 years old, Ayala was 17 years old, and Vines was 16 years old. Defendant, Vines, Lechuga, and Hill were involved in the first robbery of a Hesperia

---

[1] All future statutory references are to the Penal Code.

[2] The factual background is taken from this court's nonpublished opinion in defendant's direct appeal, case No. E025089. (*People v. Mansfield* (Apr. 19, 2000, E025089) [nonpub. opn.] (*Mansfield I*).) We granted defendant's request to take judicial notice of his prior appeals, case Nos. E025089 and E073847.

store on September 21, 1997. Defendant, Vines, and Lechuga committed the second robbery of a store on Fifth Street in Highland on September 24, 1997. Defendant, Vines, and Lechuga committed the third robbery at a store on Baseline in Highland on September 27, 1997. Defendant and Vines committed the fourth robbery in Victorville on September 30, 1997. Defendant, Vines, and Ayala committed the robbery in Mira Loma on October 3, 1997. During the Mira Loma robbery, defendant and Vines shot a store clerk, who later died from his injuries. Also, on October 3, 1997, defendant, Vines, and Ayala committed the sixth robbery in Loma Linda.

A Glock 10 millimeter, an Intratec Tec 9, and a Winchester pistol grip shotgun, the three guns used in the crimes, had been appropriated from Jason Davis, an acquaintance of defendant. Evidence showed that one of the guns, the Glock, had been in the possession of Vines and Lechuga before it was recovered by the police. Another gun, the Intratec Tec 9 pistol, was sold by defendant to Perry Robinson, who turned it over to the police.

Vines confessed to his involvement in all the crimes except the Mira Loma murder and robbery. Ayala admitted to Lechuga and a police detective that he was present at the crimes in Mira Loma and Loma Linda. Defendant bragged to his friend about his involvement in the crime spree.

Lechuga and Hill testified for the prosecution according to plea agreements. Lechuga and Hill admitted their respective participation in the first three robberies. Hill was involved in the Hesperia robbery. Lechuga was involved in the Hesperia, Fifth

3

Street, and Baseline robberies. Their testimony implicated defendant, Ayala, and Vines.

On April 13, 1999, a jury convicted defendant of seven counts of robbery (§ 211; counts 1, 3, 4, 5, 6, 9, & 11), one count of attempted second degree robbery (§§ 664/211; count 8), three counts of assault with a firearm (§ 245, subd. (a)(2); counts 2, 7, & 12), and one count of murder (§ 187, subd. (a); count 10). As to all counts, the jury found true the allegations that a principal was armed with a firearm (§ 12022, subd. (a)(1)) and that defendant personally used a firearm (§ 12022.5, subd. (a)). Defendant was sentenced to a total determinate term of 68 years and an indeterminate term of 25 years to life on count 10 for the murder conviction. Defendant's judgment was affirmed on direct appeal. (See *Mansfield I*, *supra*.)

Effective January 1, 2019, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.), which amended sections 188 and 189 to limit liability for felony murder and abrogate the natural and probable consequences doctrine as applied to murder. (Stats. 2018, ch. 1015.) The measure also added section 1170.95, which allows defendants convicted of murder under these theories of homicide liability to petition to vacate their convictions and to be resentenced on any remaining counts. (Stats. 2018, ch. 1015, § 4; see § 1170.95, subd. (a).)

On January 7, 2019, defendant in pro. per. filed a petition for resentencing pursuant to section 1170.95. The People subsequently filed a motion to strike defendant's petition for resentencing on grounds that the amendments effectuated by Senate Bill No. 1437 were unconstitutional and violated the separation of powers

4

between the judiciary and the Legislature. (See *People v. Mansfield* (June 18, 2020), E073847) [nonpub. opn.] (*Mansfield II*) 2020 WL 3268663, *1, *3.) Following a hearing, the trial court struck defendant's petition for resentencing, finding Senate Bill No. 1437 unconstitutional, without reaching the merits of defendant's petition. (*Ibid.*)

On June 18, 2020, we reversed the trial court's order striking defendant's section 1170.95 petition and remanded the matter for the court to consider defendant's petition on its merits. (*Mansfield II*, *supra*, 2020 WL 3268663, *1-*8.)

Upon remand, on March 11, 2021, the People filed a motion requesting the trial court summarily deny defendant's section 1170.95 petition for resentencing. The People asserted that defendant was ineligible for resentencing relief because he directly aided and abetted the murder, he was a major participant in the robbery, and he acted with reckless disregard for human life.

On May 7, 2021, the trial court, who also heard the underlying trial, held a hearing on defendant's petition. After hearing testimony from defendant and argument from counsel, the trial court denied defendant's petition. The court found that defendant had not established a prima facie case to warrant further review or an evidentiary hearing because defendant was an active participant who acted with reckless indifference to human life. Defendant timely appealed.

## DISCUSSION

Defendant contends the trial court erred by denying his section 1170.95 petition without conducting an evidentiary hearing. He argues his petition contained the necessary allegations under section 1170.95, subdivision (b)(1), and the court erred by engaging in factfinding during the prima facie stage of the proceedings. The People concede the issue.

We agree the trial court erred by denying defendant's petition without issuing an order to show cause and conducting the required evidentiary hearing.

Senate Bill No. 1437 eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder and significantly limited the scope of the felony-murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*); *People v. Gentile* (2020) 10 Cal.5th 830, 842-843, 847-848 (*Gentile*).) This bill amended "'the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*Gentile*, *supra*, at p. 842.)

New section 188, subdivision (a)(3), thus provides, "Except as stated in subdivision (e) of [s]ection 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." New section 189, subdivision (e)(3), in turn,

6

limits the felony-murder rule exception to the malice requirement to circumstances where the People prove the defendant "was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2."

Senate Bill No. 1437 also "added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief. . . ." (*Gentile*, *supra*, 10 Cal.5th at p. 843; see *Lewis*, *supra*, 11 Cal.5th at p. 959.) First, the trial court determines whether the petition is facially sufficient under section 1170.95, subdivision (b). (*Lewis*, *supra*, at p. 960.) If the section 1170.95 petition contains all the required information, including a declaration by the petitioner that he or she was convicted of murder and could not now be convicted of murder because of changes to section 188 or 189 (§ 1170.95, subd. (b)(1)(A)), the court then must appoint counsel to represent the petitioner upon his or her request pursuant to section 1170.95, subdivision (c). (*Lewis*, *supra*, at pp. 957, 959-960, 966.) Further, upon the filing of a facially sufficient petition, the court must direct the prosecutor to file a response to the petition and permit the petitioner to file a reply, and the court must determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (See § 1170.95, subd. (c); *Lewis*, *supra*, at pp. 964, 966.)

In determining whether the petitioner has made a prima facie showing, as the Supreme Court recently explained, "[w]hile the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a

7

prima facie case for section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, "'the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause.'" [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."' [Citations.]" (*Lewis*, *supra*, 11 Cal.5th at p. 971.)

Appellate opinions are generally part of the record of conviction, but as our Supreme Court in *Lewis* cautioned, the opinion "'might not supply all the answers.'" (*Lewis*, *supra*, 11 Cal.5th at p. 972.) Further, "[i]n reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Ibid*.)

If the petitioner makes a prima facie showing under section 1170.95, subdivision (c), the court must issue an order to show cause and hold a hearing "to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts." (§ 1170.95, subd. (d)(1).) If a hearing is held, "[t]he prosecutor and the petitioner may rely on the record of

8

conviction or offer new or additional evidence to meet their respective burdens."
(*Gentile*, *supra*, 10 Cal.5th at p. 853; § 1170.95, subd. (d)(3).)

During this appeal, but after briefing by the parties, the Governor approved Senate Bill No. 775 (2021-2022 Reg. Sess.), which became effective on January 1, 2022. (Stats. 2021, ch. 551.) In pertinent part, this legislation, amends section 1170.95 to "[c]odif[y] the holdings of . . . *Lewis*[, *supra*,] 11 Cal.5th at pages 961-970, regarding petitioners' right to counsel and the standard for determining the existence of a prima facie case" and to "[r]eaffirm[] that the proper burden of proof at a resentencing hearing under this section is proof beyond a reasonable doubt." (Cal. Const., art. IV, § 8; Stats. 2021, ch. 551, § 1.)

In this case, defendant alleged in his section 1170.95 petition that a complaint, information, or indictment was filed against him that permitted the prosecution to proceed under either the felony-murder rule or the natural and probable consequences doctrine, that he was convicted of either first or second degree murder under one of those theories, and that he could no longer be so convicted under the changes to sections 188 and 189. As the Supreme Court explained in *Lewis*, *supra*, 11 Cal.5th at page 971, the trial court in its prima facie review under section 1170.95, subdivision (c), was required to take defendant's factual allegations as true and issue an order to show cause unless the record of conviction, including our appellate opinion, "contain[s] facts refuting the allegations made in the petition." (*Lewis*, *supra*, at p. 971.) Further, in reviewing the record of conviction at the prima facie review stage, the trial court "should not engage in

'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis*, *supra*, at p. 972.)

Defendant contends, the People concede, and we agree the trial court engaged in improper factfinding in determining that defendant had not established a prima facie case to warrant an evidentiary hearing because defendant was an active participant who acted with reckless indifference to human life. The determination whether defendant could still be convicted of murder under amended sections 188 and 189 requires factfinding only appropriate at an evidentiary hearing. As the People note, "there is nothing in the record of conviction that indicates [defendant] was necessarily convicted of felony murder based on a theory that he was a major participant in the [robbery] and acted with reckless indifference to human life." Furthermore, although the trial court allowed defendant to testify, the court made it clear that it was making a prima facie finding that defendant was ineligible for relief. As a result, the parties were not proceeding under the requirements set forth in section 1170.95, subdivision (d), and it cannot be determined from the record whether the failure to hold a hearing was harmless.

Accordingly, we will reverse and remand with directions for the trial court to issue an order to show cause and conduct further proceedings consistent with this decision.

IV.

DISPOSITION

The trial court's order denying defendant's section 1170.95 petition is reversed, and the matter is remanded with directions for the superior court to issue an order to show cause and conduct further proceedings in accordance with section 1170.95, subdivision (d).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

MILLER
Acting P. J.

FIELDS
J.

11